UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

**MELISSA MAGGARD,**

    **Plaintiff,**

**V.**

**WAL-MART STORES EAST, LP**

    **Defendant.**

**CIVIL ACTION NO. 6:14-221-KKC**

**OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion to remand filed by the plaintiff (DE 17). For the following reasons, the motion will be denied.

The plaintiff originally filed this action in Perry Circuit Court. She alleges that she was walking into a Wal-Mart store and fell over a curb and some traffic cones. She further alleges she suffered bodily injury and physical and mental pain as a result of the incident. She alleges in her complaint that she has incurred medical expenses and that she expects to continue to incur such expenses in the future.

By letter to Wal-Mart dated September 12, 2014, plaintiff alleged damages of about $160,000. (DE 18-2, Letter.)  In the letter, plaintiff agreed to settle the matter for $125,000.

On November 14, 2014, the defendant, Wal-Mart Stores East, LP, removed the action to this Court asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  That statute grants federal district courts jurisdiction over all matters in which the amount in controversy exceeds $75,000 and the dispute is between citizens of different states.

There is no dispute that the plaintiff is a Kentucky citizen or that Wal-Mart is a citizen of Delaware and Arkansas. As to the amount in controversy, Wal-Mart relied on the September 12, 2014 letter from the plaintiff indicating she had suffered damages of nearly $160,000. In addition, in her initial answers to interrogatories, the plaintiff stated that she had incurred $450,000 in damages.

On August 4, 2015, Wal-Mart filed a motion for summary judgment. On February 12, 2015, the plaintiff served Wal-Mart with an amended answer to the interrogatory regarding her damages. In her amended answer, the plaintiff stated she was seeking only $70,000 in damages.

On December 29, 2015, the plaintiff filed a motion to remand the action back to state court, arguing that the amount in controversy does not exceed $75,000. The motion must be denied. Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). At the time of removal, plaintiff asserted damages of more than $75,000. Accordingly, this Court retains jurisdiction of this matter even after plaintiff's post-removal amendment of her damages claim.

For all these reasons, the Court hereby ORDERS that the motion to remand (DE 18) is DENIED.

Dated March 8, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY