UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| **MELISSA MAGGARD,** | **CIVIL ACTION NO. 6:14-221-KKC-HAI** |
|     **Plaintiff,** | |
| **V.** | **MEMORANDUM OPINION AND ORDER** |
| **WAL-MART STORES EAST, LP,** | |
|     **Defendant.** | |

This matter is before the Court on Defendant's Motion for Summary Judgment. (DE 11). For the reasons set forth below the Court will grant Defendant's motion.

## I. BACKGROUND

Plaintiff's claim arises from a trip and fall Plaintiff had on December 7, 2013, as she attempted to step onto the sidewalk outside of the Wal-Mart in Hazard, Perry County, Kentucky. (DE 11-2 at 13–14.) Plaintiff alleges that the half-inch curb on the sidewalk, in combination with a four foot tall orange traffic pylon placed about six inches beyond the curb's edge, created an unsafe condition that caused her to trip and fall. (DE 14.) Plaintiff suffered a broken knee cap as a result of the fall and subsequently filed a negligence claim against Defendant, who now moves for judgment in its favor.

## II. ANALYSIS

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving parties bear the initial burden and must identify "those portions of the pleadings . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations

omitted). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322–25. Once the movant meets the initial burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

Defendant concedes that, under Kentucky law, premises owners owe invitees a duty to discover unreasonably dangerous conditions and to either remedy the condition or provide warning. *Kentucky River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 388 (Ky. 2010). However, in support of its motion, Defendant argues that both the traffic pylon and the curb were open and obvious dangers that, as a matter of law, cannot serve as the basis for its liability. (DE 11-1 at 3.)

The Kentucky Supreme Court has adopted the Restatement Second of Torts' approach to the open and obvious doctrine. *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 911 (Ky. 2013). Under that approach, a condition is open and obvious if either (1) a plaintiff is subjectively aware of the condition and the risk it poses, or (2) objectively, both the condition and its accompanying risk "would be recognized by a reasonable man, in

2

the position of the visitor, exercising ordinary perception, intelligence, and judgment." Restatement (Second) of Torts § 343A(1) cmt. B (1965). A landowner is not, however, relieved of its duty to exercise reasonable care simply because a condition is open and obvious. The duty to "to eliminate or warn of unreasonable risks of harm" applies to all conditions, whether latent or obvious. *Shelton*, 413 S.W.3d at 914. Nonetheless, a landowner that fails to remedy an open and obvious condition does not create an "unreasonable" risk "if a reasonable person in the defendant's shoes would not take action to minimize or avoid the risk." *Id.* In such circumstances, a landowner's duty of care is satisfied by the warning provided by the obviousness of the condition itself. *See Id.*

The key question is foreseeability, that is, if a "land possessor could reasonably foresee that an invitee would be injured by the danger," then it is liable despite the obviousness of the condition because the risk posed remains unreasonable. *McIntosh*, 319 S.W.3d at 392. Although foreseeability is generally an issue for a finder of fact, Kentucky courts have noted that "summary judgment remains a viable concept under" the Second Restatement approach. *Shelton*, 413 S.W.3d at 916.

Plaintiff's prima facie claim requires proof of breach, which cannot be satisfied by Defendant's failure to remedy a reasonable, open, and obvious dangerous condition. Thus, if Defendant can show that a reasonable fact finder could not find that it should have taken any additional action to minimize the risk posed by its curb and traffic pylon, it is entitled to summary judgment.

The *Shelton* Court listed certain examples of open and obvious dangers that would not normally create an unreasonable risk including "a simple curb." *Shelton*, 413 S.W.3d at 914. Plaintiff described the curb at issue here as being around half an inch high. (DE 11-2 at 15.) Surveillance footage reveals that the curb was painted yellow to further highlight

3

the possible risk it may have posed. (DE 11-3.) This Court finds that the curb was an open and obvious condition. Even if Plaintiff was not subjectively aware of the yellow painted curb and the risk of tripping it posed, a reasonable person in her position would have been. *See Dick's Sporting Goods v. Webb*, 413 S.W.3d 891, 895 (Ky. 2013) (A visitor "may not walk blindly, irrespective of obvious danger.").

The District Court for the Western District of Kentucky recently reached a similar conclusion regarding a condition analogous to the traffic pylon at issue here. *Wiley v. Sam's Club, Inc.*, 2015 WL 3687440 at *5 (W.D. Ky. 2015). The *Wiley* Court explained that it was "difficult to imagine a more obvious condition than a twelve-inch orange warning cone, specifically designed to attract attention." *Id.* A four-foot orange traffic pylon can only be described as "more obvious." Under the circumstances, no reasonable juror could find that the pylon, which was "specifically designed to attract attention," was not open and obvious. *Wiley*, 2015 WL 3687440 at *5.

Having found the cone and curb were obvious hazards, posing obvious risks, the question is whether Defendant nonetheless breached its duty by failing to account for a foreseeable risk that Plaintiff would fail to discover the obvious, forget what was discovered, or fail to protect herself against it. *Shelton*, 413 S.W.3d at 914. Unlike the situations presented in *McIntosh* and *Shelton*, there is no genuine question as to the foreseeability of injury caused by the cone and curb.

Wal-Mart took steps to provide additional warning of an obviously dangerous curb by painting it yellow and placing a chest-height, orange traffic pylon just beyond the curb itself. In contrast to the medical facilities in *Mcintosh* and *Shelton*, nothing peculiar to Wal-Mart creates a foreseeable risk that patrons would fail to heed either of its dual efforts to warn of a potentially dangerous "simple curb."

4

In sum, the curb and cone were open and obvious, and Defendant could not be expected to take additional steps to minimize the minimal risks they posed under the circumstances. As a matter of law, Defendant complied with its duty of care. The fact that Plaintiff was nonetheless injured does nothing to negate this conclusion because her conduct was, quite simply, unforeseeable. Defendant reasonably expected that invitees on its premises would not "walk blindly, irrespective of obvious danger," as state law requires. *Webb*, 413 S.W.3d at 900. Plaintiff has not put forth evidence from which a reasonable juror could find that Defendant breached its duty of care.

Accordingly, **IT IS ORDERED** as follows:

1. Defendant's Motion for Summary Judgment (DE 11) is **GRANTED**;

2. All other pending motions are **DENIED AS MOOT**;

3. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

Dated March 28, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

5